IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RICHARD THOMAS,** :
     **Plaintiff,** : **CIVIL NO. 3:CV-00-1887**
:
**v.** : **(JUDGE CAPUTO)**
:
:
**ROBERT W. MEYERS, et al.,** :
     **Defendants** :

## O R D E R

Plaintiff, Richard Thomas, commenced this action with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. By Order dated February 6, 2006 (Doc. 108), the Court dismissed various "John Doe"[1] Defendants from the action. Subsequently, Plaintiff's service copy of the Order was returned to the Court as undeliverable (Doc. 109). The Court has no current address for Plaintiff.

On October 26, 2000, Plaintiff was provided with a copy of this Court's Standing Practice Order (Doc. 8) which provides, in relevant part, as follows:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the Court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 8 at 3.)

---

1  Fictitious or "John Doe" defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be identified and substituted. *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998).

When a party fails to comply with an order of court, dismissal of the action is appropriate. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). A review of the record reveals that Plaintiff has failed to notify the Court of his address change. Consequently, he has failed to comply with the requirements of the Court's Standing Practice Order and he is deemed to have abandoned his lawsuit. Moreover, since Plaintiff's present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue.

The Court is satisfied that dismissal of this action, pursuant to the provisions of Fed. R. Civ. P. 41(b), is appropriate in the present circumstances.

**ACCORDINGLY, THIS 2nd DAY OF MARCH, 2006, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is **DISMISSED**, without prejudice, for failure to comply with an Order of Court and failure to prosecute.

2. The Clerk of Court is directed to close this case.

3. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

    /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

2

Named as Defendants were various "John Doe"[2] Defendants.  By Order dated September 16, 2004, Plaintiff was directed to identify the John Doe defendants within twenty days, and he was advised that failure to timely identify the John Doe defendants would result in their dismissal from this action.  The time to identify the John Doe Defendants has long since expired, and Plaintiff has neither identified the fictional Defendants nor has he requested an extension of time in which to do so.

**ACCORDINGLY, THIS         DAY OF FEBRUARY, 2006, IT IS HEREBY**

**ORDERED THAT** the Clerk of Court is directed to dismiss John and Jane Does, Joe and Sally Does, Bob or Judy Does, Paul or Audrey Does, and Andrew or Bonnie Doe as Defendants in this case.

			A. RICHARD CAPUTO
			United States District Judge

---

2   Fictitious or "John Doe" defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be identified and substituted.  *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998).